UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

LAKHWINDER SINGH

    *Petitioner,*

    v.

KEN GENALO, NY Director, Field Office,
    Enforcement and Removal Operations.
    U.S. Immigration and Customs Enforcement;

TODD LYONS, Director, U.S. Immigration
    and Customs Enforcement;

MARKWAYNE MULLIN Secretary of the U.S. Department of
    Homeland Security;

TODD BLANCHE , Acting Attorney General of the United States,

RAUL MALDONADO, Jr. Warden MDC, Metropolitan
    Detention Center, Brooklyn NY

    *Respondents.*

_____

EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

A. No. 205-586-500

## EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

1. Petitioner, LAKHWINDER SINGH, respectfully moves for an Order to Show Cause pursuant to 28 U.S.C. § 2243 and Federal Rule of Civil Procedure 65, and for a Temporary Restraining Order pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651(a), prohibiting Respondents from transferring Petitioner outside the Eastern District of New York, pending adjudication of the habeas petition.

2. Petitioner is presently in federal immigration detention and subject to transfer without prior notice and at any time. The statutory and constitutional basis for his confinement has not yet been certified before this Court. Temporary relief is requested solely to preserve this Court's jurisdiction, to prevent frustration of meaningful habeas review, and to prevent impairment of Petitioner's

1

constitutional right of access to counsel while the legality of detention is reviewed.

## A. AUTHORITY TO ISSUE ORDER TO SHOW CAUSE AND PRESERVE JURISDICTION

3. Under 28 U.S.C. § 2243, once a habeas petition is presented, the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The statute contemplates prompt judicial inquiry into executive detention and requires the custodian to certify the true cause of confinement. Section 2243 reflects Congress's determination that executive restraint must be subject to immediate and meaningful judicial supervision.

4. Courts in this Circuit recognize that § 2243 mandates expeditious judicial oversight of detention. See, e.g., *Gopie v. Lyons*, No. 2:25-cv-05229 (E.D.N.Y. Sept. 17, 2025) (Bulsara, J.) (identifying a "threshold problem" requiring issuance of the writ where lawful custody authority was not demonstrated and holding that "due process required ICE make a custody determination at the time, or before, it arrested [petitioner]. But it failed to do so."). The court further "ordered that Petitioner shall not be removed from the United States unless and until the Court orders otherwise" in order to preserve jurisdiction while the habeas petition was adjudicated. *Id.*

5. In addition, under the All Writs Act, 28 U.S.C. § 1651(a), this Court has authority to issue all writs necessary or appropriate in aid of its jurisdiction. The Supreme Court has long recognized that federal courts may enter orders to preserve jurisdiction and prevent executive action that would frustrate effective judicial review.

6. Courts exercising habeas jurisdiction may enter temporary relief to prevent transfer that would materially impair meaningful review. Habeas review must remain effective, not theoretical. See *Zadvydas v. Davis*, 533 U.S. 678, 687–90 (2001); *Hope v. Warden York County Prison*, 972 F.3d 310, 324 (3d Cir. 2020). Habeas jurisdiction under 28 U.S.C. § 2241 carries with it equitable authority to ensure meaningful review of detention. *Zadvydas*, 533 U.S. at 690. See also *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("*Once the district court acquires jurisdiction over the subject matter of, and the parties*

2

*to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction."* (quotations omitted)); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 274 (S.D.N.Y. 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (*holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal*).

7. Federal courts routinely exercise this authority in immigration habeas proceedings to prevent transfer or relocation that would impair access to counsel or frustrate the court's ability to adjudicate the writ. Immigration detainees are frequently relocated across state lines with little warning, often to facilities in Louisiana, Texas, or Arizona. Once transferred to a distant facility, meaningful access to retained counsel is materially impaired, family contact is disrupted, and effective judicial review becomes substantially more burdensome. *See Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025) (*ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition*), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025).

8. In *Khalil v. Joyce*, Judge Furman addressed the jurisdictional implications of detention location and emphasized that dismissal of a habeas petition in the wrong district "might allow the Government to frustrate … judicial review," and therefore transfer, rather than dismissal, was appropriate to ensure continued judicial supervision. *Id.* The decision underscores the risk that executive relocation or procedural maneuvering may impair effective habeas oversight.

9. Other districts have similarly cautioned that post-petition transfer may introduce "complicated jurisdictional defects" and delay merits review, reinforcing the principle that courts must guard against jurisdictional manipulation in immigration detention cases. See *Hope*, 972 F.3d at 324

3

(recognizing equitable authority in detention habeas proceedings).

10. This district has expressly ordered that the government not "transfer [petitioner] out of the Eastern District of New York during the pendency of these proceedings" to preserve judicial review. *Gopie*, No. 25-cv-05229 (E.D.N.Y. Sept. 17, 2025).

### B. STANDARD FOR EMERGENCY TEMPORARY RESTRAINING ORDER

11. A temporary restraining order may issue where the movant demonstrates likelihood of success on the merits or sufficiently serious questions going to the merits, irreparable harm absent relief, that the balance of equities favors the movant, and that the public interest supports relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010).

12. Courts in this District routinely apply these standards in immigration detention cases. See *Diallo v. Noem,* No. 1:25-cv-09909 (AS) (S.D.N.Y. Dec. 23, 2025) (Subramanian, J.) (granting habeas relief where detention lacked lawful procedural foundation and recognizing liberty interests implicated by continued detention without proper statutory basis).

13. Petitioner satisfies each of these factors.

### C. PETITIONER IS LIKELY TO SUCCEED ON THE MERITS

14. Petitioner is likely to succeed because the record currently reflects a warrantless arrest with no articulated basis and continued detention without any contemporaneous individualized custody determination. New York federal judges have repeatedly granted habeas relief and ordered immediate release when ICE's detention process is defective, and the Government cannot show lawful individualized decision-making. See *Lopez Benitez v. Francis*, No. 25-Civ-5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025) (granting habeas petition and ordering release). *Tumba Huamani v. Francis*, No. 25-cv-8110 (LJL), 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025). *Huang v. Almodovar*, No. 25-Civ-9346 (DEH), 2025 WL 3295912 (S.D.N.Y. Nov. 26, 2025). *Chipantiza-Sisalema v. Francis* (1:25-cv-05528) (S.D. N.Y. 2025) WL 1927931. The habeas petition challenges the legality of Petitioner's arrest and continued detention, including the absence

4

of a judicial warrant and/or contemporaneous administrative warrant service, the lack of an individualized custody determination at the time of arrest, and the asserted statutory basis for detention.

15. Warrantless arrests require probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The Fourth Amendment applies to immigration enforcement. *INS v. Delgado*, 466 U.S. 210, 215 (1984). Section 1357(a)(2) limits warrantless immigration arrest authority to circumstances involving escape risk. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. *Zadvydas*, 533 U.S. at 690.

16. These issues present at minimum serious questions warranting preservation of the status quo pending judicial review.

### D. PETITIONER IS SUFFERING IRREPARABLE HARM

17. Petitioner suffers irreparable harm each day he remains confined without lawful authority and without the constitutionally required process. The Second Circuit recognizes that the loss of liberty constitutes irreparable injury as a matter of law. *Zadvydas*, 533 U.S. at 690.

18. Petitioner also faces the immediate risk of transfer, which would frustrate counsel's access and impair the Court's ability to grant effective habeas relief.

19. Transfer would materially increase that harm. Petitioner has already experienced limitations in attorney access due to facility movement, locator inconsistencies, and logistical barriers. Geographic relocation outside this region would substantially burden in-person consultation and access to local legal resources.

20. ICE regularly transfers detainees to facilities in Louisiana, Texas, and Arizona. Transfer to those jurisdictions would significantly distance Petitioner from retained counsel and from available regional legal services. It would also place Petitioner within a materially different detention framework for purposes of parallel immigration court proceedings. In *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), the Fifth Circuit held that certain noncitizens present without lawful admission may be treated as "applicants for admission"

5

under 8 U.S.C. § 1225(a)(1) and subject to mandatory detention under § 1225(b)(2)(A) without bond before an immigration judge. While this Court retains jurisdiction over the habeas petition, transfer to a Fifth Circuit facility may materially affect parallel custody proceedings. The risk of prejudice supports maintaining Petitioner within this jurisdiction pending review.

21. Absent temporary restraint, transfer could occur without notice and impair effective judicial supervision.

## E. THE BALANCE OF EQUITIES AND PUBLIC INTEREST STRONGLY SUPPORTS GRANTING THE EMERGENCY TRO

22. The equities overwhelmingly favor preventing unconstitutional detention. The public interest is not served by detaining individuals without lawful process and statutory compliance, and it is served by enforcing constitutional and statutory limits on civil immigration enforcement.

23. Maintaining Petitioner within this jurisdiction pending adjudication imposes no meaningful burden on Respondents. By contrast, transfer risks impairing access to counsel and complicating judicial review. The public interest favors orderly and meaningful habeas supervision of executive detention. *Zadvydas*, 533 U.S. at 690.

## REQUEST FOR RELIEF

Wherefore, Petitioner respectfully requests that this Court Order the Respondents to Show Cause pursuant to 28 U.S.C. § 2243 why a Temporary Restraining Order should not remain in effect pending swift adjudication of the habeas petition:

a) Prohibiting Respondents from transferring Petitioner outside this District, absent further order of this Court

b) directing Respondents to provide reasonable and timely access to counsel, including meaningful and confidential in-person legal visitation;

c) directing Respondents to file, within forty-eight (48) hours, a full return certifying the statutory and factual basis for detention pursuant to 28 U.S.C. § 2243;

d) requiring production, within forty-eight (48) hours of this Order, of all custodial and administrative documents supporting detention, as well as all DHS and ICE custody, detention, and administrative records, with appropriate relief for noncompliance;

e) producing Petitioner forthwith before this Court as necessary to effectuate meaningful habeas review; and upon adjudication of the Petition,

f) granting the writ of habeas corpus and ordering Petitioner's immediate release from unlawful detention;

6

g) awarding reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), should Petitioner prevail in this action;

h) ordering that Respondents not re-detain Petitioner without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a), that Petitioner be "entitled to release from the unlawful restrictions on his liberty which means, in the circumstances here, restoration of... the status quo ante." (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention]... including the ankle monitor and reporting requirements") and "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States 2:26-cv-02538 Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025); see *Jagtar Singh v Blanche*, No. 26-cv-2538, slip op (E.D.N.Y. May 6, 2026)

i) ordering that Respondents shall return to Petitioner all personal property belonging to Petitioner that was seized at the time of detention and that is currently in their custody, including but not limited to all identification and work authorization cards, clothing, and money. *Jagtar Singh v Blanche* at 9.

j) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ S. Michael Musa-Obregon*

S. Michael Musa-Obregon,

MUSA-OBREGON LAW P.C.
140 Grand Street, Suite 307
White Plains, NY 10601
michael@musa-obregon.com
718-803-1000
May 12, 2026
New York, NY

7