

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 12, 2026

Honorable Gary R. Brown
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Lakhwinder Singh v. Blanche, et al.,* 26-cv-2825 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents in the above captioned habeas petition filed by Petitioner Lakhwinder Singh ("Petitioner") on May 12, 2026 (Docket Entry ("DE") #1) and a motion for a temporary restraining order (DE #2). This letter is respectfully submitted pursuant to Your Honor's Order to Show Cause dated May 12, 2026 (DE #5). Respondents note that Petitioner is a native and citizen of India who has been ordered removed from the United States. Petitioner's current detention is mandatory pursuant to 8 U.S.C. § 1231 based upon a final order of removal. Further Petitioner has exhausted his appeals. Accordingly, this Court does not have jurisdiction over the petition.

By way of background, Petitioner entered the United States through the Mexican border at the DaConcini Port of Entry seeking admission to the United States on April 18, 2013. On May 29, 2019, an immigration judge in New York ordered Petitioner removed. *See* attached Order of the Immigration Judge. On or about June 24, 2019, Petitioner filed a case appeal with the Board of Immigration Appeals ("BIA"). On or about June 08, 2022, the BIA dismissed the appeal and affirmed the immigration judge's decision. On or about July 11, 2022, Petitioner filed a Petition for Review ("PFR") with the United States Court of Appeals, Second Circuit under docket number 22-6318. On December 26, 2023, the Second Circuit denied Petitioner's PFR and sustained the immigration judge's removal order and BIA's denial of his appeal. The Second Circuit also made an adverse credibility finding and vacated all stays of removal. *Singh v. Garland*, 22-6318, 2023 WL 8888587 (2d Cir. Dec. 26, 2023); *see also* attached Second Circuit Summary Order dated February 16, 2024. The Second Circuit upheld a finding that the Petitioner made inconsistent statements and lacked reliable corroboration, which resulted in a finding of an adverse credibility determination that was "dispositive of asylum, withholding of removal, and CAT [Convention Against Torture] relief." *Singh,* 2023 WL 8888587 at \*2.

In light of the above, Respondents respectfully submit that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or

1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title."). Respectfully, the statute does not require consideration of a flight risk or safety risk as a condition precedent to the mandatory detention under 8 U.S.C. § 1231. Additionally, Petitioner has exhausted all of his judicial and appeals remedies leaving the Court without jurisdiction to hear his petition. 8 U.S.C. § 1252(g) in relevant part provides that, with exceptions not relevant here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . to execute removal orders against any alien under this chapter." Section 1252(g) thereby precludes district courts from issuing an order that would prevent or hinder ICE from executing a removal order, *i.e.*, removing an individual who is the subject of a final order of removal. *Troy as Next Friend Zhang v. Barr*, 822 Fed. Appx. 38, 39 (2d Cir. 2020).

Thank You for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  *Alina Austin*
Alina Austin
Special Assistant U.S. Attorney
(631) 715-7834