Case 2:26-cv-02825-GRB   Document 7-2   Filed 05/12/26   Page 1 of 6 PageID #: 52



**MANDATE**

22-6318
Singh v. Garland

BIA
Laforest, IJ
A205 586 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

LAKHWINDER SINGH,
> *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

22-6318
NAC

FOR PETITIONER:      Raed Gonzalez, Gonzalez Olivieri, LLC, Houston, TX.

MANDATE ISSUED ON 02/16/2024

**FOR RESPONDENT:**            Brian Boynton, Principal Deputy Assistant
                              Attorney General; Timothy G. Hayes, Senior
                              Litigation Counsel; Micah Engler, Trial
                              Attorney, Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Lakhwinder Singh, a native and citizen of India, seeks review of

a June 8, 2022 decision of the BIA affirming a May 29, 2019 decision of an

Immigration Judge ("IJ") denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").   *In re*

*Lakhwinder Singh*, No. A205 586 500 (B.I.A. June 8, 2022 ), *aff'g* No. A205 586 500

(Immigr. Ct. N.Y.C. May 29, 2019).   We assume the parties' familiarity with the

underlying facts and procedural history.

Under the circumstances, we have reviewed both the BIA's and the IJ's

decisions "for the sake of completeness."   *Wangchuck v. Dep't of Homeland Sec.*, 448

F.3d 524, 528 (2d Cir. 2006).   We review an adverse credibility determination

"under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

(2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."   8 U.S.C. § 1158(b)(1)(B)(iii).   "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."   *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination.   The agency reasonably relied on inconsistencies in Singh's statements.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii).   Singh alleged that he was attacked on two occasions by members of the Congress Party and the police on account of

3

his support for the Shiromani Akali Dal Amritsar ("Mann Party").   But Singh testified inconsistently as to which group perpetrated which attack.   The agency was not required to accept Singh's explanation that any inconsistencies arose from his confusion about the names of the months, particularly given that Singh affirmatively provided precise dates for the attacks.   *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).   Singh also made inconsistent statements about which of his family members arranged for him to leave India.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii).   His explanation—that the term family included both his father and sisters—did not resolve the inconsistency between his testimony that his father helped arrange for his departure from India, and his earlier statements that his father had abused and abandoned him, and his sisters instead paid for him to come to the United States.

The adverse credibility determination is bolstered by Singh's inability to identify any Mann Party members (including local members he worked with) other than the leader.   The agency did not err in relying on that lack of knowledge

4

Case: 22-6318, 02/26/2024, DktEntry: 23.1, Page 5 of 6

given that Singh testified that he had worked for the party for over two years.   *Cf.*

*Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (explaining that there are instances

"in which the nature of an individual applicant's account would render his lack of

a certain degree of doctrinal knowledge suspect and could therefore provide

substantial evidence in support of an adverse credibility finding").

The agency also reasonably relied on Singh's lack of reliable corroboration.

*See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure

to corroborate his or her testimony may bear on credibility, because the absence of

corroboration in general makes an applicant unable to rehabilitate testimony that

has already been called into question.").   The agency was not required to credit

letters from relatives and others in India because the declarants were not available

for cross-examination, and Singh's relatives were interested parties.   *See Likai Gao*

*v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "IJ acted within her

discretion in according . . . little weight" to letters from applicant's wife and friend

"because the declarants (particularly [the applicant's] wife) were interested parties

and neither was available for cross-examination").   Further, the letters from the

clinic where Singh allegedly received medical treatment were not

contemporaneous, and did not confirm who attacked Singh or why.   *See Y.C. v.*

*Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, substantial evidence supports the adverse credibility determination given Singh's inconsistent statements, lack of knowledge, and lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6